**In re Mary B. McKENZIE, Debtor.**

**Robert C. McKENZIE, Plaintiff,**

v.

**Mary B. McKENZIE, Defendant.**

**Bankruptcy No. 3–84–01545.
Adv. No. 3–85–0945.**

United States Bankruptcy Court,
E.D. Tennessee.

Nov. 21, 1985.

Michael May, Kingsport, Tenn., for plaintiff.

Thomas R. Bandy, III, Kingsport, Tenn., for debtor/defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether an indemnity obligation assertedly owing by a custodial parent to a non-custodial parent in connection with a divorce decree constitutes a nondischargeable child support obligation under 11 U.S.C.A. § 523(a)(5) (West 1979).

### I

After being married a little more than seven years, the plaintiff husband and debtor/defendant wife were divorced on November 4, 1983. One child, a daughter, was born to the marriage. At the time of the divorce, both parties had approximately the same income as employees of Tennessee Eastman Company.

The parties entered into a settlement agreement which was incorporated into the final divorce decree. Under the decree the debtor received custody of the minor child. Plaintiff was required to make child support payments of $100 every two weeks. (Plaintiff was also required to provide medical and dental insurance coverage for the child and to pay any necessary medical and dental expenses not covered by the insurance.)

Debtor received the parties' residence, subject to the $31,000 first mortgage, and agreed to hold plaintiff harmless from that debt. Plaintiff agreed in paragraph 7 "to pay all marital debts of the parties incurred before September 24, 1983, including [certain specifically identified debts]." The debt which is the subject of this action was not among those specifically identified debts.

The parties incurred the debt specifically at issue here on April 14, 1983, when they both signed a promissory note (debtor as "maker" and plaintiff as "co-maker") to Tennessee Eastman Company Credit Union in the amount of $5,960, plus interest at the annual rate of 15 percent. The parties apparently utilized the loan proceeds to make improvements on the parties' residence. However, the credit union did not secure the debt with any lien on the residence.

In his complaint to determine dischargeability, plaintiff asserts that despite his express undertaking in paragraph 7 of the incorporated agreement to pay *all* marital debts of the parties incurred before September 24, 1983, the parties actually intended for the debtor to assume and hold him harmless not merely from the first mortgage but also from the home improvement loan. In his brief plaintiff contends that the parties failed to so provide through "inadvertence."

The proof indicated that the debtor actually did make the monthly payments on the home improvement loan for a period of time after the divorce. She filed her petition in bankruptcy on October 1, 1984. Subsequently, in December 1984 the credit union deducted funds from plaintiff's savings account to bring the loan current.

Since then he has made the payments on the loan.

Plaintiff testified that there was "no question" that the debtor would be responsible for the home improvement loan. He further testified that the parties owed several other obligations to the credit union, some of which they considered his obligations and some her obligations. He indicated that they each had loans of about the same amount and that "she was to take care of her obligations and I was to take care of mine." Plaintiff testified that it was their intent that he be responsible for "his" credit union debts plus the debts specifically identified in paragraph 7 and that the debtor was to be responsible for "hers" (including the home improvement loan) plus the first mortgage.

## II

To be a nondischargeable debt under § 523(a)(5) a debt must be "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement." 11 U.S.C.A. § 523(a)(5) (West 1979). Plaintiff contends that the debtor's alleged obligation regarding the home improvement loan "should be considered as an obligation in the nature of support for the parties' child." Brief of the Plaintiff, at 8 (filed October 8, 1985).

The divorce decree does not by its terms expressly impose any obligation on the debtor to assume sole responsibility for, and hold plaintiff harmless from, the debt here in question. Other than the provision requiring the debtor to hold plaintiff harmless from the first mortgage obligation, the only other provision addressing the parties' respective responsibility for debts is paragraph 7, by which plaintiff undertook "to pay all marital debts of the parties incurred before September 24, 1983." Essentially, then, plaintiff is contending that the agree-

ment, as incorporated in the divorce decree, failed through the parties' mutual mistake to actually embody the intentions of the parties. Because of its conclusions outlined below, the court need not reach the question of whether such a claim would constitute within the meaning of the statute a debt "in connection with" the divorce decree.

Even assuming the divorce decree had expressly imposed on the debtor such an obligation owing to plaintiff, that obligation would not constitute a nondischargeable child support obligation. The court simply cannot be persuaded that an obligation by a custodial parent to hold a *noncustodial* parent harmless from a given debt can be rationally construed to be in the nature of child support. Such an obligation could not have been intended to provide support *to the child*, nor would it have the effect of providing support to the child. *See Long v. Calhoun,* 715 F.2d 1103, 1109 (6th Cir.1983). In fact, it would have precisely the opposite effect. If the custodial parent were required to indemnify the non-custodial parent on a debt which the custodial parent had successfully discharged in bankruptcy, the obvious result would be the depletion and reduction of the custodial parent's available resources for supporting the child, with no benefit whatsoever to the child.[1]

Thus, even assuming the parties' divorce decree had specifically obligated the debtor to hold plaintiff harmless from liability on the home improvement loan, such an obligation owing by the debtor to plaintiff would not constitute a nondischargeable child support obligation under § 523(a)(5).

In accordance with Bankruptcy Rule 7052, this memorandum constitutes findings of fact and conclusions of law.

---

1. The court emphasizes that this conclusion in no way operates to somehow relieve the custodial parent of that parent's legal duty of support owing to the child. What is involved here is solely the question of the dischargeability of an indemnity obligation running from the custodial parent to the non-custodial parent.